IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | | |
|---|---|---|
| GARY R. WARREN, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 06-3059-SSA-CV-S-WAK |
| | ) | |
| JO ANNE B. BARNHART, Commissioner, | ) | |
| Social Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

Claimant Gary R. Warren, Jr., seeks judicial review,[1] pursuant to 42 U.S.C. § 405(g), of a final administrative decision denying disability benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401 *et seq*. He claims he became disabled beginning on June 20, 2003, due to a traumatic brain injury and left wrist arthritis. The parties' briefs were fully submitted, and on September 20, 2006, an oral argument was held.

"Title II of the Social Security Act provides for the payment of insurance benefits to persons who suffer from a physical or mental disability, and Title XVI provides for the payment of disability benefits to indigent persons. The Act further provides that 'an individual shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy . . . .' 42 U.S.C. § 423(d)(2)(A) (2003)." Lewis v. Barnhart, 353 F.3d 642, 645 (8th Cir. 2003).

In reviewing the administrative record, the court must sustain the Commissioner's decision if the findings are supported by substantial evidence on the record as a whole. 42 U.S.C. § 405(g); Young v. Apfel, 221 F.3d 1065, 1068 (8th Cir. 2000). The court may not,

---

[1] With the consent of the parties, this case was assigned to the United States Magistrate Judge, pursuant to the provisions of 28 U.S.C. § 636(c).

however, "rubber stamp" the Commissioner's decision, but must examine both the evidence that supports and detracts from the administrative determination. Piercy v. Bowen, 835 F.2d 190, 191 (8th Cir. 1987); Cline v. Sullivan, 939 F.2d 560, 564 (8th Cir. 1991).

The claimant has the initial burden of establishing the existence of a disability as defined by 42 U.S.C. § 423(d)(1). See Roth v. Shalala, 45 F.3d 279, 282 (8th Cir. 1995). To meet the statutory definition, "the claimant must show (1) that he has a medically determinable physical or mental impairment which will either last for at least twelve months or result in death, (2) that he is unable to engage in any substantial gainful activity, and (3) that this inability is the result of his impairment." McMillian v. Schweiker, 697 F.2d 215, 220 (8th Cir. 1983).

If the claimant establishes the impairment is sufficiently severe to prevent return to a former occupation, the burden shifts to the Commissioner to produce evidence the claimant can perform other substantial gainful employment. Buck v. Bowen, 885 F.2d 451, 454 (8th Cir. 1989). The Commissioner need not find a specific job opening for the claimant, but must demonstrate that substantial gainful activity is realistically within the capabilities of the claimant. McMillian, 697 F.2d at 221.

When reviewing the record to determine if there is substantial evidence to support the administrative decision, the court considers the educational background, work history and present age of the claimant; subjective complaints of pain or other impairments; claimant's description of physical activities and capabilities; the medical opinions given by treating and examining physicians; the corroboration by third parties of claimant's impairments; and the testimony of vocational experts when based upon proper hypothetical questions that fairly set forth the claimant's impairments. McMillian, 697 F.2d at 221.

Gary Warren, Jr., was born in 1966 and has a post-high school education, with a degree in heating ventilation. He worked previously as a commercial refrigeration technician.

In his application for benefits, Warren indicates he was injured in a car accident and now suffers from traumatic brain injury, lack of short-term memory, slow motor skills, vertigo, and an inability to lift anything.

After considering the medical evidence and testimony, the Administrative Law Judge (ALJ) concluded Warren had alcohol dependence (in remission by claimant report), malingering, malnutrition, and left wrist arthritis. The ALJ found claimant did not meet the requirements of

Listing 5.08 because of his height and weight, as suggested by his attorney. He found Warren could not return to his former work, but had the residual functional capacity to perform a wide range of light work.

Warren challenges that decision on the basis that the ALJ erred in finding he did not meet the requirements for disability under Listing 5.08. Listing 5.08 can be found at 20 C.F.R. pt. 404, subpt. P, app. 1, and sets forth the criteria for a weight-related impairment which would preclude any gainful activity. The relevant listing is for "weight loss due to any persisting gastrointestinal disorder" with "weight equal to or less than the values specified" in the tables. Warren's weight falls within the weights listed on the tables.

At issue in this case is whether claimant has a persisting gastrointestinal disorder. The parties dispute whether cachexia is a gastrointestinal disorder. Warren defines the condition as a "'general lack of nutrition and wasting occurring in the course of a chronic disease or emotional disturbance.' (Stedman's Pocket Medical Dictionary, 1987, page 105)." (Doc. 9 at 21.) The Commissioner defines it as "'a profound and marked state of constitutional disorder; general ill health and malnutrition.' See Dorland's Illustrated Medical Dictionary, 261 (29th ed. 2000)." (Doc. 11 at 5.)

Irrespective of the definition, Warren's medical records do not show he has ever been treated for an ongoing gastrointestinal disease or disorder. On the August 5, 2003 treatment note of Dr. Katz, which noted "[h]is main problem is weakness and cachexia," Dr. Katz states he convinced Warren to return to his previously prescribed medications for depression and urged calories and to weigh at every appointment for his weight loss. (Tr. at 348.) Dr. Katz did not prescribe medication, order tests, or otherwise takes steps which would suggest that there was a gastrointestinal disorder. Further, the definitions of cachexia appear to include conditions other than weight loss caused by a gastrointestinal disorder. In the absence of some evidence to show claimant's weight loss was caused by a gastrointestinal disorder, the ALJ did not err in finding claimant did not meet the requirements of the Listing, which require weight loss due to gastrointestinal disorder.

This court must sustain the agency's decision if it is supported by substantial evidence on the record as a whole. 42 U.S.C. § 405(g); Piercy v. Bowen, 835 F.2d 190 (8th Cir. 1987). After careful consideration of the record, the court finds substantial evidence to support the ALJ's

decision to deny benefits. Although it is clear Warren is considerably underweight and has some impairments, he has not sustained his burden of proof that he is disabled within the meaning of the Social Security Act.

His medical records do not disclose the reason for his low weight. It may be that his weight is the result of his choice of lifestyle rather than a medical impairment, and many of the documents in his file suggest he is malingering with regard to his other conditions. Under these circumstances, the agency's decision is supported by substantial evidence on the record.

For these reasons and those set out in more detail in the Commissioner's brief and at oral argument, it is

ORDERED that the decision of the Commissioner is affirmed and this case is dismissed.

Dated this 26th day of September, 2006, at Jefferson City, Missouri.

/s/ *William A. Knox*

WILLIAM A. KNOX
United States Magistrate Judge